[JOINT FILING — SEE SIGNATURE PAGE FOR COUNSEL]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Centrify Corporation,<br><br>    *Plaintiff and Counterclaim-Defendant*,<br><br>  vs.<br><br>Quest Software, Inc.,<br><br>    *Defendant and Counterclaim-Plaintiff*. | No. 4:11-cv-4675-CW (filed Sept. 20, 2011)<br><br>**INITIAL CASE MANAGEMENT STATEMENT**<br><br>**[Civil L.R. 16-9]**<br><br>Hr'g Date:   Tuesday, Dec. 20, 2011<br>Hr'g Time:   2:00 p.m.<br>Place:        Courtroom 2, 4th Floor |

The parties have conferred and hereby submit an Initial Case Management Statement in Case No. 11-4675 pursuant to Fed. R. Civ. P. 26(f), Civil L.R. 16-9, Patent L.R. 2-1, and the Court's Case Management Scheduling Order for Reassigned Civil Case (Oct. 13, 2011) [ECF No. 8].

### 1. Jurisdiction and Service

> Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

Case No. 11-4675 is an action for patent infringement. The parties agree that the Court has subject matter jurisdiction over all claims and counterclaims pursuant to at least 28 U.S.C. §§ 1331 and 1338(a). No issues exist regarding personal jurisdiction or venue. All named parties have been served.

### 2. Facts

> Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

This is an action for patent infringement brought by Centrify against Quest. There is one patent-in-suit: U.S. Patent No. 8,024,360. On September 20, 2011 — the same day that the '360 patent issued — Centrify filed its complaint asserting infringement by Quest. On November 17, 2011, Quest answered the complaint and filed counterclaims seeking declaratory judgments of non-infringement and invalidity. *See* ECF No. 20. On December 8, 2011, Centrify answered Quest's counterclaims. *See* ECF No. 21.

The parties dispute factual issues concerning patent infringement, patent validity, damages, and other claims, defenses, and counterclaims raised in the pleadings. The parties acknowledge that many issues contain mixed issues of fact and law and thus may overlap with the "Legal Issues" identified below.

### 3. Legal Issues

> Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

The parties agree that the principal legal issues that the parties dispute include:

a. Construction of any disputed patent claim terms;

b. Centrify's allegations that Quest infringes the '360 patent;

c. Quests's allegations that the '360 patent is invalid and not infringed by Quest and its customers; and

d. Appropriate forms of relief due to either party, including declaratory, injunctive, and monetary relief.

### 4. Motions

Motions:  All prior and pending motions, their current status, and any anticipated motions.

*Prior motions*:  The Court granted a stipulated motion to relate this case to an earlier infringement action filed by Centrify against Quest, No. 10-3873 (discussed in the Supplemental Case Management Statement being filed today).  *See* ECF No. 7 (Oct. 11, 2011).

*Pending motions*:  No motions are pending.

*Anticipated motions by Centrify*:  Centrify requests that this action (No. 11-4675) be consolidated with Centrify's earlier action (No. 10-3873) given that the parties and accused products are the same, as explained in more detail in the Supplemental Case Management Statement being filed today in Case No. 10-3873.

*Anticipated motions by all parties*:  The parties expect to file briefs on the issue of claim construction, and they may also file dispositive motions on the issues of (non)infringement and/or (in)validity.

### 5. Amendment of Pleadings

Amendment of Pleadings:  The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

Based on the information now available, the parties do not currently anticipate amending their claims or defenses, but reserve the right to do so — subject to leave of Court if required — if further information indicates that amendment would be appropriate.  A proposed deadline for amending the pleadings is included in the proposed schedule in Section 17 below.

### 6. **Evidence Preservation**

> Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. As set forth below in Section 8, the parties have reached certain agreements about electronically stored information.

### 7. **Disclosures**

> Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

The parties intend to serve their initial disclosures under Fed. R. Civ. P. 26(a)(1) by the deadline in the proposed schedule in Section 17 below.

### 8. **Discovery**

> Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

No discovery has been taken to date in this action (No. 11-4675), but discovery has been taken in the earlier related action (No. 10-3873), as well as another action between the parties, *Quest Software, Inc. v. Centrify Corporation*, No. 10-859 (D. Utah filed Aug. 27, 2010).

Additional discovery-related issues are addressed below:

#### a. **Method of Service**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that papers can be served by electronic means on Centrify by sending an email to <Centrify-Quest@sidley.com>, and on Quest by sending an email to <Quest-Centrify@cooley.com>.

#### b. **Disclosure or Discovery of Electronically Stored Information**

The parties incorporate by reference the agreements they reached at 2:23–4:3 in the Initial Case Management Statement in Case No. 10 3873 (Dec. 7, 2010) and agree that the same agreements shall apply in this case. Those agreements are reprinted below:

1    The parties agree presumptively to produce non-source code documents in electronic format (i.e., native electronic documents, PDF, or TIFF files with a Concordance compatible load file and standard text and meta data extraction) and to reasonably accommodate one another's requests for OCR and load-file information to allow processing of production documents by the receiving party. Additionally, the parties agree to reasonably accommodate one another's requests for production of certain documents in native format, such as financial information in native Excel format, to facilitate use by each party and their experts.

The parties agree that neither party need deviate from the practices it normally exercises with regard to preservation of such "electronic mail or electronic mail documentation" when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).  Notwithstanding the foregoing, the duty to preserve relevant evidence remains in effect.

The parties have further agreed that, other than providing metadata that is captured during text extraction and/or conversion of native documents to PDF format, no additional metadata (as used herein to refer to electronically stored information about the document that does not appear on the face of the original document if emailed or printed), audio, or video information will be searched or produced without good cause and further subject to the producing party's claim of undue burden or cost.  The parties further agree in this regard, however, that neither party need deviate from the practices it normally exercises with regard to preservation of such "metadata," "audio, or video information" when not in anticipation of litigation, subject to the understanding that the duty to preserve relevant evidence remains in effect.  The parties agree that good cause to search and produce metadata exists when such metadata is reasonably likely to reveal the date, author, or recipient of specific key documents that the party identifies as material to a fact or issue in dispute, and such information is not reasonably available through other forms of discovery.

The parties have agreed in principle that materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.  The parties have further agreed that archives stored on computer servers,

1 external hard drives, notebooks, or personal computer hard drives that are created for disaster
2 recovery purposes and not used as reference materials in the ordinary course of a party's business
3 operations need not be searched or produced absent good cause, and further subject to the producing
4 party's claim of undue burden or cost. The parties further agree in this regard, however, that neither
5 party need deviate from the practices it normally exercises with regard to preservation of such "tape,
6 floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes"
7 when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted). Notwithstanding
8 the foregoing, the duty to preserve relevant evidence remains in effect.

### c. Claims of Privilege or Work-Product Protection

10 The parties incorporate by reference the agreements they reached at 4:4-11 in the Initial Case
11 Management Statement in Case No. 10-3873 (Dec. 7, 2010) and agree that the same agreements
12 shall apply in this case. Those agreements are reprinted below:

13 The parties agree that attorney-client privileged documents and work product documents
14 (including electronically stored information) created after August 30, 2010 (the date the Complaint
15 was filed in the earlier filed action) do not need to be identified on a party's privilege log.

16 The parties have also agreed that the inadvertent production of privileged documents will not
17 constitute grounds for waiver of privilege and will separately draft language governing the
18 procedures for the assertion of such inadvertent production and the immediate return of any such
19 documents as part of the their proposed Stipulated Protective Order for the Court's approval.

### d. Expert Discovery

21 The parties incorporate by reference the agreements they reached at 4:13-18 in the Initial
22 Case Management Statement in Case No. 10-3873 (Dec. 7, 2010) and agree that the same
23 agreements shall apply in this case. Those agreements are reprinted below:

24 In addition to the protections against discovery of expert-related drafts and communications
25 under Fed. R. Civ. P. 26(b)(4)(B)-(C), the parties specifically agree that an expert witness's draft
26 reports, notes, communications with counsel, and other written communications (to the extent not
27 related to expert compensation, assumptions on which the expert relies, or facts or data relied upon
28 by an expert in preparing a final expert report) will be excluded from the scope of discovery.

e. **Changes to Limitations on Discovery**

The parties propose the following changes to the limitations on discovery:

*Requests for Admission*: The parties propose unlimited requests for admission for document authentication, and 75 requests per side for all other purposes.

*Interrogatories*: The parties propose that each party should be permitted to serve 30 interrogatories to each other party.

*Depositions*: The parties propose that each side be limited to 10 depositions, excluding depositions of experts and 30(b)(6) witnesses. For Rule 30(b)(6) depositions of the parties, the parties propose a presumptive limit of 25 hours total per party being deposed. The parties further propose a presumptive time limit of 7 hours per deposition, but agree that 30(b)(6) depositions may extend longer than the presumptive limit of 7 hours per deposition, but that no deposition is required to extend for more than 7 hours in any one day. The parties agree that experts may be deposed for a single day for each report they submit (for these purposes reply reports are not separate reports). The parties further agree to work together to adjust limits as reasonable and necessary under the circumstances.

f. **Protective Order**

The parties agree that the Stipulated Protective Order in Case No. 10-3873 signed by the Court on May 25, 2011, shall also apply to this case.

g. **Topics of Patent L.R. 2-1(a)(1)-(4)**

*(1) Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case*: The parties have included proposed modifications to the obligations and deadlines established by the Patent Local Rules in the proposed schedule in Section 17 below.

*(2) The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court*: The scope and timing of discovery is set forth in Section 8 and the proposed schedule in Section 17 below.

*(3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing*: The parties do

not presently anticipate the need for live testimony at the Claim Construction Hearing.  The parties agree that argument will proceed on a term-by-term basis, with both sides presenting argument on a term before the next term is addressed.  The parties anticipate that the Claim Construction Hearing will last no more than 3 hours.

*(4) How the parties intend to educate the court on the technology at issue*:  The parties intend to provide either an in-court tutorial or tutorial presentations for review by the Court.  The patent-in-suit is of moderate complexity.  The following is the "Abstract" of the patent-in-suit:

> A method of assigning the UNIX computers in a network to one of a plurality of groups called zones, of creating independent sets of UNIX identity information for each network entity (user or group) for separate zones, and of associating an entity's sets of UNIX entity information with a single global entity record for the entity in the network's identity resolver.  A further method of allowing a UNIX computer to request entity information from the identity resolver, and of the identity resolver returning resolved entity information appropriate for the requesting computer's zone.  A further method of managing sets of zone-specific UNIX identity information in the identity resolver to ensure that entity names and entity identification numbers are not duplicated within a zone and to all the same names and numbers to be duplicated across zones.  Other embodiments are also described.

### 9.     **Class Actions**

> Class Actions:  If a class action, a proposal for how and when the class will be certified.

This is not a class action.

### 10.    **Related Cases**

> Related Cases:  Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

There are two other actions between the parties:

- *Quest Software, Inc. v. Centrify Corporation*, No. 10-859 (D. Utah filed Aug. 27, 2010).  In this action, Quest has asserted U.S. Patent No. 7,617,501 against Centrify.

- *Centrify Corporation v. Quest Software, Inc.*, No. 10-3873-CW (N.D. Cal. filed Aug. 30, 2010), which has been related to this action pursuant to Civil L.R. 3-12.  In this action, Centrify has asserted U.S. Patent No. 7,591,005 against Quest.  The accused products in this action are the same as in the present action.

### 11. **Relief**

> Relief:  All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Centrify seeks compensatory damages, in an amount to be ascertained at trial, pursuant to 35 U.S.C. § 284, and in an amount sufficient to compensate for the infringement of the '360 patent and in no event less than a reasonable royalty.  Centrify further seeks interest and costs, attorneys' fees, and injunctive relief.

### 12. **Settlement and ADR**

> Settlement and ADR:  Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

The prospects for settlement of this action appear unlikely in the absence of a settlement of the other two patent cases between the parties (one in this Court, the other in Utah).

In Case No. 10-3873, the parties engaged in court-sponsored mediation before A. James Isbester on March 2, 2011.

In this action, in compliance with ADR L.R. 3-5, the parties agreed to engage in mediation on or before March 9, 2012.

### 13. **Consent to Magistrate for All Purposes**

> Consent to Magistrate Judge For All Purposes:  Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

The parties do not all consent to a magistrate judge for all purposes.

### 14. **Other References**

> Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. **Narrowing of Issues**

> Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

*Centrify's statement:* Pursuant to Rule 42(a), Centrify proposes to consolidate this action with the related action filed by Centrify against Quest (No. 10-3873), which is discussed in the separate Supplemental Case Management Statement for that action being filed today. The parties have stipulated, and the Court has determined, that this action (No. 11-4675) is related to the earlier action (No. 10-3873). *See* ECF Nos. 96–97. The earlier action (10-3873) involves the same parties and the same accused products; the only difference is that the earlier action involves a different patent-in-suit: U.S. Patent No. 7,591,005. Moreover, given that there has not yet been a *Markman* hearing in the earlier action, consolidating the two actions would promote efficiency because there could be a single hearing for claim construction and summary judgment in both actions, and a single trial for both actions. Under Centrify's proposed schedule, the combined trial would be only nine months later than the currently scheduled trial date for the earlier action. Given the large overlap between the two actions, Centrify estimates that both actions could be tried in a single, 10-day trial; otherwise Centrify estimates that each action (if tried separately) would require 8 trial days (for a total of 16 trial days to resolve both actions). Contrary to Quest's assertion, the purpose of consolidation is not to seek additional discovery; the outstanding disputes in the earlier action about discovery and the scope of infringement contentions will have to be resolved by the Court regardless of whether the cases are consolidated.

*Quest's statement*:

Quest opposes consolidation of this case (No. 4:11-cv-4675-CW) with the earlier action (No. 10-3873) because consolidation would not promote efficiency for the parties or Court and would not narrow issues.

<u>Consolidation Would Broaden, Rather Than Narrow, Issues In The Earlier-Filed Action</u>

Consolidation would complicate—rather than narrow—issues in the earlier-filed action. A trial in the earlier action (No. 10-3873) is scheduled for September 2012. If the earlier case is

-10-
INITIAL CASE MANAGEMENT STATEMENT — No. 11-4675-CW

SF1 1762576V.1

consolidated with this litigation, that trial date will be lost. Postponing trial by a year or more would likely render stale the evidence in the earlier action, leaving the parties with the difficult choice of proceeding to trial with out-of-date information or incurring significant additional fees and costs for additional fact and expert discovery.

Additionally, Centrify's primary reason for seeking consolidation is to allow it to re-open discovery in the earlier-filed action to collect information that it failed to pursue during the initial discovery period. Quest strongly objects to Centrify's proposal to re-open discovery, but if the Court grants Centrify's motion, the collection of new discovery in the earlier-filed action would complicate issues and greatly increase the parties' attorneys' fees and expert costs.

<u>Consolidation Would Not Narrow Issues In This Action</u>

The act of consolidation would not, in and of itself, do anything to promote efficiency in this newly-filed case. The parties can achieve all of the efficiencies available using the same cooperative approach they have taken toward sharing information across the litigations currently pending in Utah and California. Consolidation is not necessary to narrow issues in this case, because even without consolidation, the parties can negotiate an agreement that allows re-use of information that has already been collected by the parties in the earlier-filed Utah or California cases.

To summarize, consolidation would significantly and unfairly prejudice Quest by delaying summary judgment and trial dates in the earlier filed action and by dramatically increasing Quest's attorneys' fees and expert costs. Consolidation is not a necessary pre-requisite to taking steps to narrow issues in this case, and it will not promote any discovery-related efficiencies that could not also be achieved absent consolidation.

**16.    Expedited Trial Procedure**

> <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

The parties do not believe that this is the type of case that is suitable for the Expedited Trial Procedure of General Order No. 64.

### 17.     Scheduling

> Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

The parties propose the schedule shown in the table below.  The parties agree on the first several deadlines (through March 2012), but after that, as shown in the table below, the parties disagree on various dates.

*Centrify's statement*:  As discussed in more detail above and in the Supplemental Case Management Statement being filed today in Case No. 10-3873, Centrify requests that this action (No. 11-4675) be consolidated with Centrify's earlier action (No. 10-3873) given that the parties and accused products are the same.  The schedule proposed by Centrify below for Case No. 11-4675 is the same as the schedule being proposed by Centrify for Case No. 10-3873.  In particular, Centrify proposes that there be a single, 10-day trial in June 2013 for both actions, rather than an 8-day trial in September 2012 followed by another 8-day trial in November 2013.  Centrify's proposed schedule would not interference with the trial in Utah scheduled for April 2012 (over a year before Centrify's proposed trial date in this action).

*Quest's statement*:  Quest opposes consolidation of this case with the earlier-filed litigation for the reasons set forth in Section 15 above.

Quest proposes a litigation schedule that sets a trial date slightly less than two years after the initial Case Management Conference.  This schedule is consistent with this Court's general scheduling practices as well as the schedule that was originally adopted by the parties and Court in the earlier-filed action (No. 10-3873).

In contrast, Centrify proposes an aggressive schedule and much earlier trial beginning in June 2013.  Centrify's proposed schedule is unworkable.  The parties are currently preparing for a 10-day jury trial beginning on April 9, 2012 in the patent infringement case pending between them in Salt Lake City, Utah.  The parties will be preoccupied with trial preparation and attendance during the first quarter of 2012, so Centrify's proposed schedule does not leave enough time for the parties to complete fact discovery in this case after completing trial in Utah.

-12-
INITIAL CASE MANAGEMENT STATEMENT — No. 11-4675-CW

SF1 1762576V.1

Furthermore, because no discovery concerning the functionality accused in this case (Unix Personality Mode) was taken in the earlier-filed litigation, the parties will need a full discovery period to collect information concerning infringement, invalidity, and damages issues.

| Event | Centrify's proposal | Quest's proposal |
|---|---|---|
| Initial Case Management Conference | Tuesday December 20, 2011 | |
| Initial Disclosures | Friday January 6, 2012 | |
| First day to serve discovery requests | Friday January 13, 2012 | |
| With respect to the new '360 patent-in-suit only: Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1) Document Production Accompanying Disclosure (Patent L.R. 3-2) | Friday January 20, 2012 | |
| **Deadline for mediation** | Friday March 9, 2012 (or as soon thereafter as is convenient to the mediator's schedule) | |
| With respect to the pleadings in No. 11-4675 only: **Deadline to add additional parties or claims** | Thursday March 15, 2012 | Friday April 13, 2012 |
| With respect to the new '360 patent-in-suit only: Invalidity Contentions (Patent L.R. 3-3) Document Production Accompanying Invalidity Contentions (Patent L.R. 3-4) | Friday March 23, 2012 | |
| With respect to the new '360 patent-in-suit only: Exchange of Proposed Terms for Construction (Patent L.R. 4-1) | Friday April 6, 2012 | |
| With respect to the new '360 patent-in-suit only: Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | Friday April 27, 2012 | |

-13-
INITIAL CASE MANAGEMENT STATEMENT — No. 11-4675-CW

SF1 1762576V.1

| Event | Centrify's proposal | Quest's proposal |
|---|---|---|
| <u>With respect to the new '360 patent-in-suit only</u>:<br>Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | Friday<br>May 18, 2012 | |
| <u>With respect to the new '360 patent-in-suit only</u>:<br>Completion of Claim Construction Discovery (Patent L.R. 4-4) | Friday<br>June 8, 2012 | |
| **Completion of Fact Discovery** | Friday<br>June 8, 2012<br>With respect to the '005 patent-in-suit the additional discovery allowed would be the deposition of Quest customer Bank of America. | Friday<br>September 7, 2012<br><br>Quest objects to additional discovery in Case No. 10-3873 |
| Serve expert reports on which party has burden of proof | Friday<br>June 29, 2012<br>With respect to the '005 patent-in-suit the opening expert reports will have already been served by this date. | Friday<br>October 5, 2012 |
| Serve rebuttal expert reports | Friday<br>July 20, 2012 | Friday<br>November 9, 2012 |
| Serve reply expert reports | Friday<br>August 3, 2012 | Friday<br>December 7, 2012 |
| **Completion of Expert Discovery** | Friday<br>August 17, 2012 | Friday<br>December 21, 2012 |
| Centrify's opening brief on summary judgment (including claim construction, contained in a single 25-page brief) | Thursday<br>September 27, 2012 | Friday<br>January 25, 2013 |
| Quest's opposition/cross motion (including claim construction, contained in a single 25-page brief) | Thursday<br>October 11, 2012 | Friday<br>February 22, 2012 |
| Centrify's reply / opposition to cross motion (contained within a single 25-page brief) | Thursday<br>October 25, 2012 | Friday<br>March 15, 2013 |
| Quest's reply in support of its cross motion (15 pages) | Thursday<br>November 1, 2012 | Friday<br>April 5, 2013 |

| Event | Centrify's proposal | Quest's proposal |
|---|---|---|
| **Hearing on summary judgment and claim construction** | Thursday November 15, 2012 | Tuesday April 30, 2013 |
| **Final Pretrial Conference** | Tuesday May 28, 2013 or a date convenient for the Court no earlier than six months after the summary judgment hearing | Tuesday October 29, 2013 |
| **Jury Trial (10 days)** | Monday June 10, 2013 or a date convenient for the Court no earlier than 13 days after the Final Pretrial Conference | Any date convenient for the Court after November 4, 2013 |

### 18.  Trial

Trial:  Whether the case will be tried to a jury or to the court and the expected length of the trial.

Both parties have demanded a trial by jury.

*Centrify's statement*:  As discussed in more detail above and in the Supplemental Case Management Statement being filed today in Case No. 10-3873, Centrify requests that this action (No. 11-4675) be consolidated with Centrify's earlier action (No. 10-3873) given that the parties and accused products are the same.  Centrify proposes that there be a single, 10-day trial in June 2013, rather than an 8-day trial in September 2012 followed by another 8-day trial in November 2013.  If the actions are consolidated, Centrify estimates that both actions could be tried together in 10 days.  Otherwise,  Centrify estimates that each action would require 8 days for trial.

*Quest's statement*:  Quest opposes consolidation for the reasons set forth in Section 15, above.

### 19.  Disclosure of Non-Party Interested Entities or Persons

Disclosure of Non-party Interested Entities or Persons:  Whether each party has filed the "Certification of Interested Entities or Persons"

-15-
INITIAL CASE MANAGEMENT STATEMENT — No. 11-4675-CW

SF1 1762576V.1

> required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Each party has filed the "Certificate of Interested Entities or Person" as required by Civil Local Rule 3-16.

*Centrify Corporation*: Centrify filed its disclosure on December 13, 2011. *See* ECF No. 26. With respect to Rule 7.1, there is no parent corporation for Centrify, and there is no publicly held corporation owning 10% or more of the stock of Centrify. With respect to Civil L.R. 3-16, the following entities have a financial interest in Centrify: Mayfield Fund; Accel Partners; INVESCO Private Capital; Sigma Partners; Index Ventures; and Tom Kemp.

*Quest Software, Inc.*: Quest filed its Rule 7.1 and Civil L.R. disclosures on December 13, 2011. Pursuant to Civil Local Rule 3-16, Quest certifies that there are no parties other than the named parties to the action who have a financial interest in its outcome. Pursuant to Federal Rule of Civil Procedure 7.1, Quest Software, Inc. hereby states that it has no parent corporation, and that no publicly held company owns ten percent (10%) or more of Quest Software, Inc.'s stock.

### 20. Other

> Other: Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Centrify's statement*: As discussed in more detail in the Supplemental Case Management Statement being filed today in Case No. 10-3873, Centrify requests that this action (No. 11-4675) be consolidated with Centrify's earlier action (No. 10-3873) given that the parties and accused products are the same. Centrify believes that consolidation would facilitate the just, speedy and inexpensive disposition of both actions.

*Quest's statement*: Quest opposes consolidation for the reasons set forth in Section 15, above.

DATED: December 13, 2011

By: /s/ Edward V. Anderson

    Edward V. Anderson (Bar No. 83148)
        <evanderson@sidley.com>
    Peter H. Kang (Bar No. 158101)
        <pkang@sidley.com>
    Aaron R. Bleharski (Bar No. 240703)
        <ableharski@sidley.com>
    Ash Nagdev (Bar No. 259921)
        <anagdev@sidley.com>
    SIDLEY AUSTIN LLP
    1001 Page Mill Road, Building 1
    Palo Alto, California  94304
    Telephone:   (650) 565-7000
    Facsimile:    (650) 565-7100

    Ryan M. Sandrock (Bar No. 251781)
        <rsandrock@sidley.com>
    Aseem S. Gupta (Bar No. 252858)
        <agupta@sidley.com>
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, California  94104
    Telephone:   (415) 772-1200
    Facsimile:    (415) 772-7400

    Theodore W. Chandler (Bar No. 219456)
        <tchandler@sidley.com>
    SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
    Los Angeles, California  90013
    Telephone:   (213) 896-6000
    Facsimile:    (213) 896-6600

<Centrify-Quest@sidley.com>

*Counsel for Plaintiff and Counterclaim-Defendant Centrify Corporation*

By: /s/ Orion Armon

    Thomas J. Friel, Jr.  (Bar No. 80065)
        <tfriel@cooley.com>
    COOLEY LLP
    101 California Street, 5th Floor
    San Francisco, California  94111
    Telephone:    (415) 693-2000
    Facsimile:     (415) 693-2222

    Wayne O. Stacy (*pro hac vice*)
        <stacywo@cooley.com>
    Orion Armon (*pro hac vice*)
        <oarmon@cooley.com>
    Brian Eutermoser (*pro hac vice*)
        <beutermoser@cooley.com>
    COOLEY LLP
    380 Interlocken Cresent, Suite 900
    Broomfield, Colorado  80021
    Telephone:    (720) 566-4000
    Facsimile:     (720) 566-4099

<Quest-Centrify@cooley.com>

*Counsel for Defendant and Counterclaim-Plaintiff Quest Software, Inc.*

**SIGNATURE ATTESTATION**

Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.

                /s/ Edward V. Anderson